# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAYUKO HOLWILL, Individually and on Behalf of All Others Similarly Situated, | x : : |
| Plaintiff, | : : |
| v. | : Case No. 1:18-cv-06790 : Honorable Charles R. Norgle, Sr. : |
| ABBVIE INC., RICHARD A. GONZALEZ, and WILLIAM J. CHASE, | : : **CLASS ACTION** : |
| Defendants. | : **ORAL ARGUMENT REQUESTED** : |
| ———————————————— | x |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff Metzler Asset Management GmbH ("Metzler") and Named Plaintiff Ironworkers National Pension Plan ("Ironworkers") (together, "Plaintiffs") respectfully move this Court for an Order: (i) certifying this Action as a class action pursuant to Rules 23(a) and 23(b)(3); (ii) appointing Plaintiffs as Co-Class Representatives; and (iii) appointing Motley Rice LLC ("Motley Rice") as Class Counsel pursuant to Rule 23(g). Certification of this Action is sought on behalf of a proposed Class consisting of all persons and entities that, during the period from October 25, 2013, through September 18, 2018, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of AbbVie Inc. ("AbbVie" or the "Company"), and were damaged thereby (the "Class").[1]

As set forth in the Memorandum of Law filed contemporaneously herewith, the proposed Class and Plaintiffs meet all of the requirements for certification of this Action as a class action under Rules 23(a) and 23(b)(3):

1. The numerosity requirement of Rule 23(a)(1) is satisfied, as members of the Class are so numerous that joinder of all members is impracticable. There are at least hundreds, if not thousands, of members of the proposed Class geographically dispersed across the country.

2. The claims alleged in Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 74 (the "Complaint"), involve numerous

---

[1] Excluded from the Class are AbbVie; Richard Gonzalez and Richard Chase (collectively, the "Individual Defendants" and, together with AbbVie, "Defendants"); members of the Individual Defendants' immediate families; AbbVie's subsidiaries and affiliates; any person who is or was an officer or director of the Company or any of the Company's subsidiaries or affiliates during the Class Period; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of any such excluded person or entity.

questions of law and fact that are common to the claims of all Class members, in satisfaction of Rule 23(a)(2).

3. Plaintiffs' claims are typical of the claims of other Class members, in satisfaction of Rule 23(a)(3). Like all other Class members, Plaintiffs have sustained damages based on the unlawful activities of Defendants alleged in the Complaint.

4. Plaintiffs and proposed class counsel, Motley Rice LLC ("Motley Rice"), will continue to adequately and vigorously represent the proposed Class in satisfaction of Rule 23(a)(4). Plaintiffs have a substantial interest in the outcome of this case, and have no interests antagonistic to or in conflict with those of the proposed Class. Motley Rice is competent and experienced in securities fraud class actions and complex litigation, as reflected in the Firm's prosecution of this litigation to date.

5. The claims alleged in the Complaint involve common, class-wide questions of fact and law that predominate over any questions solely affecting individual Class members, in satisfaction of Rule 23(b)(3).

6. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy in satisfaction of Rule 23(b)(3). The "alternative" to a class action – potentially thousands of separate individual actions – offers no practical recourse for most Class members, and would indisputably burden the judicial system.

For the reasons set forth above and in the Memorandum of Law filed contemporaneously herewith, Plaintiffs respectfully request that the Court enter an Order certifying this Action as a class action pursuant to Rules 23(a) and 23(b)(3), appointing Plaintiffs as Co-Class Representatives, and appointing Motley Rice as Class Counsel.

DATED:  February 1, 2021	Respectfully submitted,

**MOTLEY RICE LLC**

*s/ Christopher F. Moriarty*

Gregg S. Levin (*pro hac vice*)
Christopher F. Moriarty
Erin C. Williams (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:   (843) 216-9450
glevin@motleyrice.com
cmoriarty@motleyrice.com
ecwilliams@motleyrice.com

*Counsel for Lead Plaintiff*
*Metzler Asset Management GmbH and*
*Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN**
   **& DOWD LLP**
Arthur C. Leahy (*pro hac vice*)
Lucas F. Olts (*pro hac vice*)
Kevin A. Lavelle (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  (619) 231-1058
Facsimile:   (619) 231-7423
artl@rgrdlaw.com
lolts@rgrdlaw.com
klavelle@rgrdlaw.com

*Counsel for Named Plaintiff*
*National Shopmen Pension Fund*

**CAFFERTY CLOBES MERIWETHER**
   **& SPRENGEL LLP**
Anthony F. Fata
150 S. Wacker Dr., Suite 3000
Chicago, IL  60606
Telephone:  (312) 782-4880
Facsimile:   (312) 782-4485
afata@caffertyclobes.com

*Liaison Counsel*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed February 1, 2021.

<i>s/ Christopher F. Moriarty</i><br>Christopher F. Moriarty