# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAYUKO HOLWILL, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:18-cv-6790 |
| ) | |
| v. ) | Hon. John J. Tharp Jr. |
| ) | Hon. Heather K. McShain |
| ABBVIE INC., et al., ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION TO PLAINTIFFS' MOTION
## TO COMPEL DEFENDANTS' PRIVILEGE LOGS

Robert J. Kopecky
Joshua Z. Rabinovitz
Brenton A. Rogers
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000

Holly Trogdon *(pro hac vice)*
K. Ross Powell *(pro hac vice)*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

Paul J. Sampson (*pro hac vice*)
KIRKLAND & ELLIS LLP
60 East South Temple Street
Salt Lake City, UT 84111
(801) 877-8100

*Counsel for Defendants*

**Table of Contents**

Preliminary Statement ................................................................................................................... 1

Background ................................................................................................................................... 2

Argument ...................................................................................................................................... 4

I.     Plaintiffs' Challenges To Defendants' Privilege Logs Are Untimely. ............................... 4

II.    Plaintiffs' Criticisms Of Defendants' Logs Are Meritless. ................................................ 8

        A.     Defendants Identified Senders And Recipients. ....................................................... 9

        B.     Defendants' Privilege Descriptions Justify Their Claims Of Privilege. ................ 10

        C.     Attorney-Client Privilege Attaches To More Than Communications. .................. 11

        D.     Defendants Withheld Documents Containing Legal Advice. ............................... 11

III.    The Court Should Decline Plaintiffs' Request To Conduct *In Camera* Review. ............. 13

IV.    Defendants' Clawback Was Proper. ................................................................................ 14

Conclusion .................................................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bilek v. Fed. Ins. Co.*,
2022 WL 18912277 (N.D. Ill. Dec. 12, 2022) ..........................................................................13

*Crabtree v. Experian Info. Sols., Inc.*,
2017 WL 4740662 (N.D. Ill. Oct. 20, 2017) ........................................................................9, 13

*CSX Transp. v. Meserole St. Recycling*,
2009 WL 104262 (W.D. Mich. Jan. 14, 2009) .........................................................................7

*FTC v. AbbVie*,
2015 WL 8623076 (E.D. Pa. Dec. 14, 2015) ............................................................................8

*General Electric v. United States*,
2015 WL 5443479 (D. Conn. Sept. 15, 2015) ......................................................................7, 8

*Nw. Airlines v. Phillips*,
2009 WL 10687806 (D. Minn. Jan. 16, 2009) ........................................................................10

*Ridge Chrysler v. Daimler Chrysler*,
2004 WL 3021842 (N.D. Ill. Dec. 30, 2004) ............................................................................5

*Rocha v. Coastal Carolina Neuropsychiatric*,
2013 WL 1912864 (E.D.N.C. May 8, 2013) ............................................................................8

*State Auto v. Grasle*,
2022 WL 2236977 (S.D. Ill. June 22, 2022) ...........................................................................11

*Syngenta Seeds v. Warner*,
2021 WL 7367135 (D. Minn. Aug. 9, 2021) .............................................................................5

*United States v. Evans*,
113 F.3d 1457 (7th Cir. 1997) ................................................................................................11

*Washtenaw Cnty. Employees v. Walgreen Co.*,
2020 WL 3977944 (N.D. Ill. July 14, 2020) ...........................................................................12

*Wier v. United Airlines*,
2021 WL 1517975 (N.D. Ill. Apr. 16, 2021) ........................................................2, 11, 13, 15

**Rules**

Fed. R. Civ. P. 26 .............................................................................................................................9

**Preliminary Statement**

Plaintiffs' motion to compel (Dkt. #226) raises untimely and meritless challenges to Defendants' privilege logs and seeks the production of a privileged communication that Defendants properly clawed back. The Court should deny the motion.

*First*, Plaintiffs' demand that Defendants revise nine privilege and redaction logs is untimely. Plaintiffs' motion challenges three logs served as early as September 2021—*eighteen months* before Plaintiffs filed their motion. And the substance of Plaintiffs' motion addresses issues Plaintiffs raised in August 2021, that Defendants responded to, and that Plaintiffs abandoned for a year-and-a-half before raising them again only recently. During this long period where Plaintiffs sat silent, Defendants maintained the same approach they had taken in their initial logs and to which Plaintiffs had apparently acquiesced after the parties exchanged letters. Defendants served three more logs in 2021, two more in October 2022, and one in January 2023 using this consistent approach. Yet Plaintiffs *did not raise a single additional challenge to the logs until February 27, 2023*, when they sent a letter raising issues with every log going back to September 2021 and reasserting many of the issues they had raised in August 2021 and then abandoned. The time to raise these issues has passed. Plaintiffs cannot sit silent as Defendants serve log after log and then, years later, challenge Defendants' consistent approach to those logs.

Plaintiffs' motion is also untimely for the independent reason that Plaintiffs filed it after the Court-ordered deadline for bringing such disputes. Specifically, the Court established a January 20, 2023 deadline for "Motions to Compel on Outstanding Discovery Requests." Dkt. #191. Plaintiffs' motion relates to privilege assertions made in response to discovery requests Plaintiffs served well before this deadline, and Defendants served every one of the logs Plaintiffs challenge before the deadline. As such, the Court's order bars Plaintiffs' motion.

*Second*, Plaintiffs' challenges to Defendants' logs fail on the merits. Defendants' logs

1

contain sufficient information to assess Defendants' privilege claims, as required by the rules.

*Third*, the Court should decline Plaintiffs' request to review 76 documents *in camera* because Plaintiffs do not have a "well-founded basis for challenging" Defendants' logs. *Wier v. United Airlines*, 2021 WL 1517975, *16 (N.D. Ill. Apr. 16, 2021). Additionally, the Court should decline Plaintiffs' request because Plaintiffs failed to meet and confer about the specific documents before filing their motion. Prior to filing their motion, Plaintiffs had challenged the majority of Defendants' privilege log entries, but refused to identify deficiencies with specific entries. Instead, Plaintiffs made a series of conclusory assertions about broad categories of documents without any support or explanation. On multiple occasions, including during the parties' meet-and-confer, Defendants asked Plaintiffs to explain the specific issues they had with Defendants' entries. Plaintiffs refused. Now Plaintiffs' motion identities *for the first time* issues with several entries and asks the Court to review those documents *in camera*. Plaintiffs should have tried to narrow the parties' disputes before moving to compel.

*Fourth*, Defendants' clawback of a single privileged email was proper. The email conveyed privileged guidance from in-house counsel, as confirmed by the email's author.

The Court should deny Plaintiffs' motion in its entirety.

## Background

**Privilege Logs.** Plaintiffs' motion challenges nine of Defendants' privilege and redaction logs, years after Defendants served the majority of them. Defendants served their first privilege log and first redaction log on August 9, 2021. On August 25, 2021, Plaintiffs sent a letter raising three criticisms of those logs. Dkt. #226-8. Defendants responded on September 14, 2021, and explained why Plaintiffs' criticisms were without merit. Dkt. #226-9. However, as a compromise, Defendants did modify their privilege log to address one issue raised by Plaintiffs. Defendants served with their letter an amended privilege log and offered "to meet and confer with you if you

2

still have additional questions or wish to discuss specific log entries." *Id*. at 5. The same day, Defendants served their second privilege log and second redaction log. Plaintiffs did not raise any issues with the logs served on September 14, 2021, and did not respond to Defendants' invitation to discuss any unresolved issues. Defendants then served supplemental privilege and redaction logs, modeled after the first two privilege logs, on October 14 & 26, 2021, October 25 & 28, 2022, and January 13, 2023. Dkt. #226-3.

Plaintiffs did not raise any issues with these logs until sending Defendants a letter February 27, 2023—*seventeen months* after Defendants served their amended privilege log and six weeks after Defendants' latest log. Plaintiffs' letter rehashed issues Plaintiffs had raised and Defendants addressed in 2021 and also raised numerous new complaints about Defendants' years-old logs that Plaintiffs never before raised. Dkt. #226-4. Plaintiffs' letter challenged nearly all of Defendants' privilege log entries: 131 of 159 entries for documents withheld and 12 of 31 entries for redacted documents. Defendants responded by letter on March 14, 2023. Dkt. #226-5.

**Defendants' Privilege Clawback**. During the March 7, 2023, deposition of AbbVie Senior Manager Rick Johnson, Plaintiffs introduced as an exhibit an email chain that begins with an email to Johnson. Dkt. #226-6. ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████ Ex. 1, Johnson Decl. ¶ 3.[1] When counsel for Defendants saw this passage at the deposition, he stopped the deposition to discuss with Johnson whether his response to this email conveyed legal advice. Ex. 2, Johnson Tr. at 252:17-255:20. After going back on the record, Defendants asserted privilege and clawed back the document. *Id*. at 256:4-10. The next day, Defendants served a clawback

---

[1] References herein to "Ex. \_" refer to the exhibits attached to this brief.

3

letter and privilege log. Dkt. #226-10. Shortly thereafter, Defendants reproduced the document with the portion of Johnson's email conveying information from counsel redacted. *Id*.

**Meet-And-Confer Process**. On March 16, 2023, the parties met and conferred about Defendants' privilege logs and privilege clawback. With respect to Defendants' logs, Plaintiffs refused to provide any further explanation of their conclusory assertions that Defendants' logs were inadequate or to provide more detail about their issues with specific documents. In particular, Plaintiffs refused to explain their assertions that (1) some entries were insufficiently detailed; or (2) some entries seemed to concern business advice. On the clawback, the parties each stood by their positions. Plaintiffs' motion followed.

## Argument

I.  **Plaintiffs' Challenges To Defendants' Privilege Logs Are Untimely.**

The Court should deny Plaintiffs' challenges to Defendants' privilege logs as untimely because (1) after raising issues with Defendants' first privilege logs, Plaintiffs remained silent when Defendants served additional logs and Defendants relied on Plaintiffs' silence, and (2) the deadline for raising disputes regarding the privilege logs has passed.

*First*, Plaintiffs forfeited their challenges to Defendants' privilege logs by failing to timely raise them. Plaintiffs' motion acknowledges that every issue they now pursue was present in Defendants' September 14, 2021 logs. However, Plaintiffs failed to raise any objection for *seventeen months*. If Plaintiffs wished to raise any purported deficiencies, they should have done so before Defendants prepared additional logs. That way, Defendants could have addressed the purported deficiencies, or the parties could have sought guidance from the Court. Instead, Plaintiffs sat silent while Defendants continued to log privilege assertions in the same manner as before. Precedent holds that sitting on issues as Plaintiffs did is improper, and a sufficient basis to deny a motion. For example, in *Syngenta Seeds v. Warner*, 2021 WL 7367135 (D. Minn. Aug. 9, 2021), the court

4

held that because the movant "did not timely raise concerns regarding the form or format of the privilege log … after the first log was produced," the party's challenge to the form and format of a subsequent log was untimely. *Id*. at *6. Had the movant "timely raised" its concerns, "the Court could have easily addressed them before [the opposing party] and its counsel underwent the time and effort required in preparing" the subsequent log. *Id*.

Plaintiffs' tardiness here is even more egregious because Plaintiffs' motion rehashes issues they previously raised in 2021 and Defendants thought were resolved because Plaintiffs did not respond to Defendants' attempt to address their concerns. For example, Plaintiffs argue that some of Defendants' privilege logs are improper because "many entries do not list any senders and/or recipients or only list an organization, such as a law firm, not individual authors or recipients." Pl. Mot. at 7. Plaintiffs made this same criticism of Defendants' first privilege log in August 2021. Dkt. #226-8 at 3 (asserting it was improper for Defendants to withhold or redact "documents on the basis they were sent to or from 'AbbVie Legal' or certain outside counsel"). Defendants responded on September 14, 2021, explaining that "[t]here is no requirement that a privilege log list 'specific attorneys,'" and that where Defendants were able to identify a specific in-house or outside counsel they did so. Dkt. #226-9 at 2-3. Plaintiffs never responded or sought to discuss the issue further. Defendants reasonably assumed Plaintiffs were satisfied, and Defendants continued for seventeen months to log documents in the same manner. *See Ridge Chrysler v. Daimler Chrysler*, 2004 WL 3021842, *6 (N.D. Ill. Dec. 30, 2004) (denying motion to compel because it "raise[d] issues that Defendant addressed, and reasonably assumed were resolved, over one year ago" and the defendant had "conducted discovery under the assumption that Plaintiffs had dropped the objections raised").

Similarly, Plaintiffs challenge 95 privilege log entries on the ground that "the documents

5

appear to concern primarily business topics, not privileged communications." Pl. Mot. at 10. Plaintiffs' August 2021 letter raised the same argument. Dkt. #226-8 at 3 (asserting that, because in-house lawyers "may operate in a purely or primarily business capacity," Plaintiffs could not assess Defendants' privilege log entries). Again, Defendants' September 2021 letter responded substantively, and also invited Plaintiffs to "identify any particular document about which you require further information." Dkt. #226-9 at 3. Plaintiffs did not do so—sitting silent for a year and a half, until their February 27, 2023 letter.

*Second*, the Court should deny Plaintiffs' motion because the time to move to compel regarding the discovery requests to which the logs relate has passed. On October 31, 2022, Judge Tharp ordered—at the parties' joint suggestion—a deadline of January 20, 2023, for motions to compel on outstanding discovery requests. Dkt. #191 (entering deadlines jointly proposed by the parties at Dkt. #189); *see also* Dkt. #216 at 12:22-23 (10/18/22 Hrg. Tr.) (ordering the parties to meet and confer on a schedule that "includes a deadline for … resolving outstanding document production issues"). Plaintiffs' motion relates, exclusively, to (1) privilege assertions Defendants made before the January 20, 2023 deadline, (2) concerning documents productions made well before the January 20, 2023 deadline, (3) in response to discovery requests served and responded to well before the January 20, 2023 deadline. Thus, Plaintiffs were required to file any motion prior to that deadline. Moreover, not only did Plaintiffs not file their motion by the deadline, they were not even close. Although Defendants last served a privilege log on January 13, 2023, Plaintiffs did not file their motion to compel until March 22, 2023, more than two months later and two months after the deadline.

Plaintiffs argue the January 20, 2023 deadline does not apply to their motion because their motion concerns a challenge to "Defendants' Logs, not their prior document production." Pl. Mot.

6

at 14. But a challenge to a privilege log is a challenge to an assertion of privilege—that is, to the scope of a party's production. As the *CSX Transportation* decision Plaintiffs cite in their motion explains,

> [T]he purpose of a privilege log … is to separate out documents not subject to discovery. The furnishing of a privilege log may satisfy an opposing attorney that he has received all documents to which he is entitled, or he may choose to seek further discovery by challenging the privilege log.

*CSX Transp. v. Meserole St. Recycling*, 2009 WL 104262, *1 (W.D. Mich. Jan. 14, 2009) (cited at Pl. Mot. at 13-14). Here, Plaintiffs contend that "many of the documents in Defendants' logs were not properly withheld" and their motion seeks *production* of those documents. Pl. Mot. at 13. Thus, Plaintiffs' challenge is squarely covered by the Court's deadline for motions to compel about outstanding discovery requests.

None of the case law Plaintiffs cite supports their argument that their motion is timely. First, Plaintiffs' cases are entirely distinguishable in terms of the abandonment of the issue explained above. *Supra* at 4-6. Plaintiffs cite *CSX Transportation* for the supposed proposition that they can challenge Defendants' logs any time before the close of fact discovery. Pl. Mot. at 13-14. But the decision supports *Defendants'* position. The logs challenged there were served on August 29, 2008, October 23, 2008, October 24, 2008, and November 7, 2008, and the close of fact discovery was October 30, 2008. *CSX Transp.*, 2009 WL 104262 at *1. In response to a motion filed after the close of fact discovery challenging the logs, the court held that any challenge to the three logs served before the close of discovery was *untimely*, notwithstanding that two of the logs were served within a week of the close of fact discovery. *Id*. at *1-2. That decision does not support Plaintiffs' position that they can challenge privilege logs seventeen months after Defendants served them and after the deadline for doing so. Likewise in *General Electric v. United States*, 2015 WL 5443479 (D. Conn. Sept. 15, 2015), also cited by Plaintiffs, there was a six-month

delay between when one party began serving privilege logs and the other made "substantial written objections." *Id*. at *1 n.1. Plaintiffs' delay was nearly three times as long. Second, in neither case was there a deadline for discovery motions, so these decisions are entirely inapplicable to Defendants' second argument why Plaintiffs' motion is untimely.

Plaintiffs argue that *FTC v. AbbVie*, 2015 WL 8623076 (E.D. Pa. Dec. 14, 2015), rejected the same timeliness arguments that Defendants raise here. Pl. Mot. at 15. It did not. In that case AbbVie's argument was that the FTC had not challenged the privilege logs in *prior* litigation; that is, the timeliness argument was not based on conduct in the case at issue. 2015 WL 8623076 at *12 n.14 (arguing the FTC's challenge was "untimely because the FTC had these privilege logs since 2007 and never challenged them *in prior patent litigation*") (emphasis added). The argument here is different: Plaintiffs had the logs *in this case* and failed to challenge them.

Finally, there is no support for Plaintiffs' argument that Defendants are somehow shifting the burden to Plaintiffs when it comes to establishing documents were properly withheld or redacted. Pl. Mot. at 14. The only case Plaintiffs cite in support, *Rocha v. Coastal Carolina Neuropsychiatric*, 2013 WL 1912864 (E.D.N.C. May 8, 2013), has no relevance here. *See* Pl. Mot. at 14 n.21. *Rocha* did not concern privilege logs or the timeliness of the motion to compel. 2013 WL 1912864. Defendants' arguments that Plaintiffs' challenge is untimely does not shift any burden to Plaintiffs; Plaintiffs have the burden to file any motions timely and their failure to meet that burden is dispositive of their motion.

## II. Plaintiffs' Criticisms Of Defendants' Logs Are Meritless.

In addition to being untimely, Plaintiffs' categorical challenges to Defendants' privilege logs are meritless. Plaintiffs assert four supposed deficiencies with Defendants' log entries, none of which is correct.

8

### A. Defendants Identified Senders And Recipients.

Plaintiffs challenge 80 entries for supposedly missing information about authors and recipients of documents. Pl. Mot. at 8-9. This category in fact encompasses a variety of complaints—Plaintiffs' letter divided this category into six subcategories without explaining what documents fell into what subcategory, making it difficult to assess Plaintiffs' arguments. *See* Dkt. #226-4 at 5-6. In their motion, Plaintiffs' arguments are effectively two-fold.

*First*, Plaintiffs assert that "many entries do not list any senders and/or recipients." Pl. Mot. at 7. However, Defendants populated the "Email From," "Email To," "Email CC," and "Email BCC" fields in their logs when that information was available, generally from metadata. Not every document on Defendants' logs is an email, so some entries do not have email metadata to include on the log. For instance, attachments to emails have no sender or recipients (although the emails to which they are attached were either produced or logged, with such information). Defendants supplemented the metadata with additional detail from their review of the documents, often including this information in the privilege description. Defendants are not "withhold[ing]" information about senders and recipients, as Plaintiffs assert. *Id*. at 8. And the sender and recipient information Defendants provided is sufficient in each instance for Plaintiffs to assess Defendants' claim of privilege.

*Second*, Plaintiffs assert that some privilege log entries are deficient because they "only list an organization, such as a law firm, not individual authors or recipients." Pl. Mot. at 7. However, Defendants provided Plaintiffs all the authorship information available on the face of the document or metadata, including the names of individual authors when available. Defendants are not required to do more. Rule 26 requires only that a party provide enough information to "enable other parties to assess the claim" of privilege—there is no requirement to list specific attorneys. Fed. R. Civ. P. 26(b)(5)(A)); *see, e.g.*, *Crabtree v. Experian Info. Sols., Inc.*, 2017 WL 4740662, *2 (N.D.

9

Ill. Oct. 20, 2017) (finding log entry sufficient that referred to "Legal Department"). Defendants' logs do this, and Plaintiffs do not explain why they need more information than Defendants provided. For example, Plaintiffs note that Defendants' log includes memoranda from law firms ▮▮▮ (Privilege Log Entry #6), Pl. Mot. at 8 n.6, but do not even attempt to explain why knowing the names of attorneys at various law firms would assist them in assessing Defendants' claims of privilege—much less why it is required.

### B. Defendants' Privilege Descriptions Justify Their Claims Of Privilege.

Next, Plaintiffs claim that 92 of Defendants' privilege log entries "provide insufficient information about the documents' contents." Pl. Mot. at 9. But Plaintiffs do little to justify their criticism beyond the bare assertion. Plaintiffs argue without elaboration that some entries are vague, fail to explain how the information in the document "relates to legal advice," or use "buzz phrases" without "useful factual descriptions." Pl. Mot. at 9 n.7. These conclusory assertions fail to explain what information is missing from Defendants' logs, do not establish that Defendants improperly withheld documents, and are simply inaccurate. For instance, Plaintiffs claim an entry for a ▮▮▮ (Privilege Log Entry #21) is inadequate.² *Id*. However, the entry describes the subject matter of the legal advice ▮▮▮ and is nothing like the examples in the case Plaintiffs cite where a court rejected privilege entries such as "Communication with consultant employed to assist in the rendition of legal advice in anticipation of litigation in connection with rendering of legal advice." *Nw. Airlines v. Phillips*, 2009 WL 10687806, *2 (D. Minn. Jan. 16, 2009).

---

² Plaintiffs often do not specify whether they are referring to Defendants' privilege or redaction entries, which have overlapping numbering. Defendants assume, based on context, that this is the entry Plaintiffs refer to.

10

### C. Attorney-Client Privilege Attaches To More Than Communications.

Plaintiffs challenge 65 privilege log entries because the documents "appear to be untethered to communications." Pl. Mot. at 9. But it is well-established that all manner of documents, including notes, reports, and memoranda, can contain or reflect attorney-client advice and thus be entitled to protection. *See, e.g.*, *Wier*, 2021 WL 1517975 at *2, 6, 13 (holding that "summaries of communications [with counsel] listed on an internal company spreadsheet" are privileged); *State Auto v. Grasle*, 2022 WL 2236977, *5 (S.D. Ill. June 22, 2022) (holding redactions in an insurance claim file for attorney-client privilege were proper). The one decision Plaintiffs cite in support of their argument, *United States v. Evans*, 113 F.3d 1457 (7th Cir. 1997), is not to the contrary. Pl. Mot. at 9. The question there was whether the attorney-client privilege attached to certain oral communications; the case did not address whether attorney-client privilege could attach to notes, reports, and memoranda.

### D. Defendants Withheld Documents Containing Legal Advice.

Plaintiffs challenge 95 privilege log entries they claim "appear to concern primarily business topics, not privileged communications." Pl. Mot. at 10. They argue that not every communication with a lawyer is privileged, but Defendants do not contest that point—indeed, Defendants have produced non-privileged communications involving AbbVie's in-house counsel. *E.g.*, Ex. 3 (███████████████████████████████████████████████████████████), Ex. 4 (███████████████████████████████████████████████████████████████████████). However, a "matter committed to a professional legal adviser is prima facie so committed for the sake of legal advice and is therefore within the privilege unless it appears to be lacking in aspects requiring legal advice." *Wier*, 2021 WL 1517975 at *8.

Plaintiffs offer nothing more than "mere speculation" that the entries they identify involve business rather than legal advice. *Id*. at *7. Many of the entries Plaintiffs flag involve topics about

11

which one would expect there to be legal advice, especially considering that AbbVie is a public company in a highly regulated industry. For example, ███████████████████████ ███████████████████████████████████████ (Privilege Log Entries #5, 7, 9) and attorney-client communications regarding the ███████████████████████████ ███████ (Redaction Log Entry #27) are privileged. Pl. Mot. at 10 n.11 & n.12. Plaintiffs also challenge entries reflecting communications in which AbbVie sought legal advice about draft public statements. *Id*. at 10 n.10 & n.12. Defendants appropriately claimed privilege over those documents. *Washtenaw Cnty. Employees v. Walgreen Co.*, 2020 WL 3977944, *6 (N.D. Ill. July 14, 2020) ("[Defendant's] log describes the 'legal advice' in question specifically as concerning communications to shareholders on matters including business performance and earnings….' The descriptions are adequate.").

\* \* \* \* \*

Finally, Plaintiffs' assertion that the documents Defendants withheld are "highly relevant" is not a basis for granting their motion. Pl. Mot. at 11. *Of course* some entries on Defendants' privilege log concern relevant issues (although Defendants disagree that all of the issues Plaintiffs identify are relevant). Parties only log documents responsive to requests for production, and requests for production *should* be limited to relevant documents. Plaintiffs' descriptions of these documents only reinforce that they were properly withheld. ███████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████ are all topics on which privileged communications are expected.[3] Pl. Mot. at 12.

---

[3] Plaintiffs' motion mentions discussions about whether Defendants will assert an advice of counsel defense. Defendants have responded to Plaintiffs' questions and the advice of counsel defense has no bearing on this motion.

**III.     The Court Should Decline Plaintiffs' Request To Conduct *In Camera* Review.**

The Court should decline Plaintiffs' request that it review *in camera* 76 documents Plaintiffs identify in footnotes to their motion. "Courts in this district have declined to conduct an *in camera* review absent a 'well-founded basis for challenging [the other side's] privilege designations.'" *Wier*, 2021 WL 1517975 at *16 (quoting *Crabtree*, 2017 WL 4740662 at *3). There is no such basis here where, as described above, Defendants properly logged the documents they withheld.

The Court should also deny Plaintiffs' request for the additional reason that Plaintiffs failed to meet and confer in a "good faith attempt[] to resolve differences" with Defendants regarding these documents. LR 37.2; *Bilek v. Fed. Ins. Co.*, 2022 WL 18912277, *5 (N.D. Ill. Dec. 12, 2022) ("Because plaintiff did not exhaust her meet-and-confer obligations on this issue, it is not ripe for judicial resolution."). Plaintiffs' February 27, 2023 letter re-initiating their challenges to Defendants' logs did not identify the subset of documents that Plaintiffs now ask the Court to review *in camera*. Further, for two of the four categories of supposed deficiencies Plaintiffs raised, Plaintiffs offered nothing but conclusory assertions that certain entries were deficient. First, they asserted that 92 of Defendants' privilege log entries "do not adequately describe the basis for the alleged privilege." Dkt. #226-4 at 7. But Plaintiffs offered no explanation of that conclusory assertion; they simply asserted the conclusion. Second, Plaintiffs asserted that 95 of Defendants' log entries "appear to relate to business advice as opposed to legal advice." *Id*. at 9. Again, Plaintiffs simply asserted the conclusion, with no support for the supposed deficiency.

In response, Defendants asked Plaintiffs to substantiate their purported concerns, for it is not possible for Defendants to respond a supposed "inadequate" description if Plaintiffs do not explain the supposed inadequacy. Similarly, it is not possible to understand why something appears to Plaintiffs to describe business advice if Plaintiffs do not explain why they reached their

13

conclusion. Yet Plaintiffs refused to provide any information beyond their conclusory assertion.

However, in their motion, Plaintiffs changed their view, providing information, at least about some specific log entries, that Defendants had previously requested. For the first time, Plaintiffs' motion attempts to substantiate their arguments that certain privilege descriptions were inadequate or concerned business advice with citations to and discussion of specific entries. Pl. Mot. at 9 n.7 & 10 n.10-15. They attempt to bolster their other arguments with citations to specific privilege log entries as well. *Id*. at 8 n.6 & 9 n.8. These entry-specific arguments are new, and Defendants previously had no chance to address them.

Plaintiffs' failure to provide this information during the meet and confer process was improper. Although Defendants maintain that Plaintiffs' challenges are untimely, they could have addressed any specific entries Plaintiffs flagged, either during the meet-and-confer or in follow up correspondence. This might have narrowed the parties' disputes now before the Court. For example, in their motion, Plaintiffs flag several entries for documents containing ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Pl. Mot. at 9 n.7. If Plaintiffs raised those entries with Defendants during the meet-and-confer process, Defendants could have explained that the documents contain legal advice regarding requests for exceptions from AbbVie internal policies. That may or may not have resolved the dispute, but Plaintiffs had an obligation to try.

## IV. Defendants' Clawback Was Proper.

Defendants' privilege clawback was proper. In the email that begins the exchange (which Defendants have not asserted privilege over), AbbVie National Sales Director Victor Parker told AbbVie Senior Manager Rick Johnson that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. #226-6 at 2; Ex. 1 Johnson Decl. ¶ 3. Parker wrote that ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮

14

██████████████████████████████ Dkt. #226-6 at 2. He then asked Johnson ██████

████████████████████████████████████████ *Id*.

On its face, Parker's email indicates ████████████████████████████

████████████████████████████████████████████████

████████████████████ On its face, at the least, Parker's email suggests Johnson's response might convey privileged advice. And Johnson has now confirmed that it does. Ex. 1 Johnson Decl. ¶¶ 4-5. Thus, Defendants' privilege assertion and clawback was proper.

Plaintiffs offer no reason to question this assertion of privilege. Plaintiffs note that neither the sender or recipient of the email is an attorney, but "[c]ommunications in which counsel is not a sender or recipient may also be privileged if they reveal, directly or indirectly, the substance of a confidential attorney-client communication." *Wier*, 2021 WL 1517975 at *3. Plaintiffs also assert incorrectly that the email is "purely business related" because it relates to "AbbVie's marketing strategy." Pl. Mot. at 6. As Plaintiffs are well aware, AbbVie's interactions with healthcare providers are heavily regulated. As Plaintiffs put it in their complaint, "AbbVie's sales and marketing of Humira are regulated by rigid industry codes and federal and state laws that limit what pharmaceutical companies and their sales representatives can do to market and sell their products." Dkt. #74 ¶ 53. Plaintiffs offer no basis to dispute that the email provides guidance from AbbVie's legal department about how to talk accurately to healthcare providers about an AbbVie patient-support service. Nor did Plaintiffs take the opportunity during the deposition to ask Johnson any foundational questions about his email that might support their challenge to Defendants' assertion of privilege. Ex. 2 at 256:4-257:13.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiffs' motion.

15

Dated: April 6, 2023

Respectfully submitted,

/s/ Ross Powell
Robert J. Kopecky
Joshua Z. Rabinovitz
Brenton A. Rogers
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000

Holly Trogdon (pro hac vice)
K. Ross Powell (pro hac vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

Paul J. Sampson (pro hac vice)
KIRKLAND & ELLIS LLP
60 East South Temple Street
Salt Lake City, UT 84111

Shainee Shah (pro hac vice)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
(713) 836-3600

*Counsel for Defendants*